Thomas Aloi, J.
The defendant and judgment debtor, Peggy Sanford, pursuant to CPLR 5231 (subd. [b]) and 5240, is requesting this court to vacate an income execution issued on the 5th day of May, 1972, on the ground that the said income execution was improvidently issued in contravention of sections 137 and 137-a of the Social Services Law, and that pursuant to CPLR 5231 (subd. [b]), this defendant was not receiving an amount of income sufficient to warrant the issuance of an income execution.
The defendant contends that on the 5th day of May, 1972, the judgment creditors caused an income execution to be issued. That at the time the income execution was issued the defendant was earning $170 gross biweekly and $137 net biweekly. Additionally, she was receiving public assistance as a result of applying for and obtaining funds from the Onondaga County Department of Social Services under its program for aid to dependent children.
The plaintiff and judgment creditor contends that the proper remedy involved herein should be a stay of the income execution pursuant to section 137-a until the defendant is no longer receiving public assistance. Alternatively, the plaintiff and judgment creditor contends that the defendant does not come within the purview of section 137-a of the Social Services Law in that defendant is not a, “ person while he is in receipt of public assistance ”. That pursuant to section 349-a of title 10 of article 5 of the Social Services Law, the aid to dependent children is given to a parent ‘1 for, ‘ benefit of a child ’ ’ ’, and therefore Peggy Sanford is not a person in receipt of public assistance and her earnings are subject to an income execution.
Section 137-a of the Social Services Law states in part:
‘ ‘ All wages * * * paid or payable by an employer to a
*699 person while he is in receipt of public assistance or care supplementary to his income pursuant to the. provisions of titles * * # ten of article five [Aid to Dependent Children] * * * or while he would otherwise need such assistance or care, shall be exempt from *' * * income execution * * * but only so long as such public assistance or care shall continue or would be needed if the * * * income execution * * * were enforced. The claim of the creditor shall in all other respects remain unaffected.”
It is interesting to note, in addition to the above, section 137-a provides a simple procedure to follow in a case wherein an income execution is issued against one receiving public assistance. ‘1 Any employer who shall withhold or pay over to a person presenting an income execution * * * after receiving notification in writing from a social services official that the employee is receiving public assistance or care * * * shall be liable in an action by such recipient for the amount so paid or withheld contrary to the provisions of this section. A social services official sending such notification to an employer shall be required to notify the employer, in writing, of the termination" of such receipt and need for public assistance and care of the employee involved when this shall occur. Upon receipt of such notice of termination the employer may commence or resume, as the case may be, payment and withholding under any assignment, income execution or * * # whose effectiveness was postponed or suspended by this section.”
Before this court determines the applicability of section 137-a in staying the present income execution, the alternative argument of plaintiff must be resolved; is the defendant a “person in receipt of public assistance”? This court cannot agree with the plaintiff and judgment creditor’s theory that the defendant is not one in receipt of assistance or care supplementary to her income pursuant to title 10 of article 5 of the Social Services Law. The regulations for the Department of Social Services at section 369.2 state that, where a ‘ ‘ child living with one or both parents. Meed of a child * * * shall be determined for the family unit in accordance with public assistance standards.” (18 NYCRR 369.2 [a] [1]). Clearly, the defendant is receiving assistance supplementary to her income pursuant to title 10 of article 5 of the Social Services Law in order to provide for herself and the benefit of her child. The grant is based upon the needs of the family unit in which the child resides and any decrease in the resources available to the family would only require increases in the supplementary grant to *700 provide for the needs of the family and child. Therefore, a parent who has applied for and obtained aid under the Aid to Dependent Children Law, is a person in receipt of public assistance under section 137-a and any income execution issued while one is receiving such aid should be stayed as provided for in section 137-a.
However, CPLB 5240 was designed to centralize in one section a broad power in the court to take any needful step regarding the use of any enforcement procedure. Section 5240 states: ‘ ‘ The court may at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure. ’ ’
If the only argument presented herein consisted of the fact that the defendant was on public assistance when an income execution was issued, the court would be inclined to agree with learned counsel for the plaintiff herein and order a stay under either CPLB 5240 or section 137-a of the Social Services Law, until the defendant and judgment debtor was no longer receiving public assistance.
The fact still remains, however, that at the time of the issuance of the income execution involved herein the defendant was not making more than $85 a week in earnings. CPLB 5231 entitled Income execution states: “ (b) Issuance. Where a judgment debtor is receiving or will receive more than eighty-five dollars per week from any person, an income execution for installments therefrom of not more than 10 percent thereof may be issued and delivered to the sheriff of the county in which the judgment debtor resides ”.
Based upon the fact that the income execution was issued herein at a time when the defendant was not making more than $85 a week, the execution is hereby vacated. The vacating of this income execution is without prejudice to the plaintiff to reinstitute such procedure when legally valid, nor does this decision affect in any way the private arrangements of the parties as indicated in the defendant’s affidavit.